IN THE MATTER OF: GARY MARTIN, KERMIT HULL
AND JAY HAMPTON

No. 7127SC671

(Filed 15 December 1971)

**Contempt of Court § 6— validity of contempt order — order entered after
session of court**

Trial judge's order finding newspaper photographers guilty of
direct contempt of court is invalid on the ground that the order was
rendered after the expiration of the session of court at which the
contempt hearing was held.

ON writ of *certiorari* to review an order dated 10 June
1971 entered by *Beal, Special Judge,* in the Superior Court of
GASTON County.

Judge Beal was assigned to hold and presided at the two-
week Schedule A Criminal Session of Superior Court in Gaston
County which commenced on 12 April 1971. At that session
the case of *State v. Fite,* in which the defendant was charged
with first-degree murder, came to trial, the trial commencing
on 12 April 1971 and continuing into the second week of the
session. While the trial was in progress a photograph of the
defendant, taken as he was being transported from the jail to
the courtroom, was published in the Gastonia Gazette, a daily
newspaper published in Gaston County. Judge Beal subsequently
found in the order here under review that he "issued an order
to bailiffs Horace Helms and Frank Carpenter that no further
photographs would be permitted to be taken at any time during
the course of the trial of any witnesses, the defendant, or mem-
bers of the jury." This order was not entered on the minutes
of the court and so far as the record reveals was never reduced
to writing.

At all times during the trial of the case of *State v. Fite*
the jurors were sequestered and between court sessions were
under the supervision of the two bailiffs. The jurors spent the
night of 19 April 1971 in a motel located approximately two
miles from the courthouse. At that time evidence in the case
of *State v. Fite,* arguments of counsel, and the charge of the
court had been completed.

At approximately 8:20 a.m. on the morning of 20 April
1971, as the jurors were about to leave the motel to return to

the courthouse, Gary Martin, a newspaper reporter, and Kermit Hull and Jay Hampton, newspaper photographers, took or attempted to take photographs of the jurors. This occurred on the motel parking lot, Judge Beal not being present. The three newspapermen were thereupon arrested and their cameras were seized by the two bailiffs, who took them under custody to the courthouse, where Judge Beal was informed of the incident at approximately 9:00 a.m. Court convened at 9:30 a.m. and the jury retired to continue its deliberations in the case of *State v. Fite*. A conference then took place in the judge's chambers between Judge Beal and the newspaper editor. After the editor agreed with the court that no pictures of the jury would be published in the newspaper, the three arrested newspaper employees were released and their cameras were returned to them.

Late in the afternoon of 20 April 1971, at approximately 5:20 p.m., one of the bailiffs reported to the court that a juror had become ill, and the court, after hearing from a doctor, ordered a mistrial in the case of *State v. Fite*.

On the following day, 21 April 1971, Judge Beal telephoned the editor of the newspaper and informed him that he was ready to hold a hearing concerning the actions of the newspaper reporter and the two newspaper photographers in taking or attempting to take pictures of the jury on the morning of 20 April 1971. Pursuant to this telephone notice, a hearing was held before Judge Beal at the courthouse on the afternoon of 21 April 1971. The two bailiffs testified that they had informed the newspaper employees of the judge's order not to take pictures of the jurors and testified concerning the actions of the three defendants in attempting to take the pictures. At the conclusion of this hearing on 21 April 1971, the judge stated that he would make and file his findings as soon as he could but that he did not know how long this would take. The minutes of the court for 21 April 1971 contain the following: "The Court orders a hearing on the arrests of three Gazette reporters, Gary Martin, Jay Hampton and Kermit Hull. The Court delays judgment for a few weeks." The two-week Schedule A Criminal Session of Superior Court held in Gaston County which commenced on 12 April 1971 ended on Friday, 23 April 1971.

On 10 June 1971 Judge Beal signed an order making findings of fact and conclusions of law. In this order the judge found Gary Martin, Kermit Hull and Jay Hampton in direct contempt of court, but imposed no punishment. The order con-

---

Gray v. Clark

---

tains a direction that it be filed with the clerk of Superior Court of Gaston County and made a part of the minutes of the trial of the case of *State v. Fite.* Petition for writ of certiorari to review this order of Judge Beal dated 10 June 1971 was allowed by the Court of Appeals on 8 July 1971.

*Attorney General Robert Morgan by Associate Attorney General Richard B. Conley for the State.*

*Garland, Alala, Bradley & Gray by Joseph B. Alala, Jr., and Charles D. Gray III; and Lassiter & Walker by William C. Lassiter and James H. Walker for defendant appellants.*

PARKER, Judge.

The order finding appellants guilty of direct contempt of court was rendered seven weeks after expiration of the session of court at which the matter was heard. Under the circumstances of this case and absent consent of the accused contemnors, the trial judge lacked any authority to enter such an order after expiration of the session. For that reason alone, and quite apart from all questions as to adequacy of the notice of the hearing to meet the requirements of G.S. 5-7 and of due process, the order must be vacated. It is therefore unnecessary for us to consider the other questions raised in appellants' brief.

The order dated 10 June 1971 finding appellants in direct contempt of court is hereby

Vacated.

Judges MORRIS and VAUGHN concur.